The Plaintiff, a chaplain in the United States Army Reserve who served on active duty from 1966 to 1975, challenges his release from active duty in the latter year. *883 He contends that three Officer Efficiency Reports ("reports”) he received, for the period from July 1973 to July 1975, were invalid for various reasons and that elimination of those reports from his records (which he seeks) would require restoring him to active duty. The government has moved for summary judgment. The plaintiff has not responded. We grant the government’s motion.
The first report, prepared in September 1974, praised the plaintiffs innovative and energetic approach to his duties, but criticized him for having commercial dealings with enlisted personnel, for lacking judgment, and for letting personal problems reduce his effectiveness. The second report was prepared in November after the plaintiff had been relieved of his duties for cause. It criticized his commercial dealings again and also his involvement with and approaches to enlisted women. It said the plaintiffs reputation and effectiveness had been significantly reduced as a result. The report also recommended that the Office of the Chief of Chaplains review the plaintiffs file. This report led the Commanding General of the Third Infantry Division to make a similar request. The third report, prepared in July 1975, rated the plaintiffs effectiveness and attitude as very poor.
In January 1975, the Chief of Chaplain’s Office referred the plaintiffs file to the Army Active Duty Board ("Duty Board”). The Duty Board decided in April that the plaintiff should be released from active duty.
In May, the plaintiff appealed to the Army Special Review Board the second report, alleging it was inaccurate and unjust. In July that Board denied relief with one minor exception. Three days later, the plaintiff was released from active duty.
In October 1975, the plaintiff appealed to the Board for Correction of Military Records ("Corrections Board”) seeking the removal of the three reports and his return to active duty. The Corrections Board denied relief in November 1977. In June 1979 and August 1980, the Corrections Board reconsidered the plaintiffs case and again denied relief.
In July 1981, the plaintiff filed his petition in this court, seeking correction of his records, return to active duty, compensation, and various other relief.
*884 The service Secretaries have broad discretion to release a reservist from active duty, and a reservist who challenges his release has a heavy burden. "[T]he Secretary concerned may at any time release a Reserve under his jurisdiction from active duty.” 10 U.S.C. § 681(a) (1976). "[T]he conditions and circumstances governing that release rest within the sound discretion of the service”, and the release will not be overturned unless the action was arbitrary and capricious. Abruzzo v. United States, 206 Ct. Cl. 731, 737, 513 F.2d 608, 611 (1975); accord, Denton v. United States, 204 Ct. Cl. 188, 200 (1974), cert. denied, 421 U.S. 963 (1975); Mercereau v. United States, 155 Ct. Cl. 157, 158 (1961). The plaintiff has not shown that the Secretary’s action in this case was arbitrary and capricious.
The plaintiff seeks to overturn the Secretary’s decision by claiming that his reports were inaccurate and invalid. Reports are presumed to be correct. Hary v. United States, 223 Ct. Cl. 10, 17, 618 F.2d 704, 707-08 (1980). To invalidate a report, a plaintiff must show a "clear violation of a specific objective requirement of statute or regulation, or . . . misstatement of a significant hard fact.” Id., 618 F.2d at 708. The court will not overturn a Corrections Board’s decision upholding reports unless it is arbitrary, capricious, not based on substantial evidence or contrary to applicable laws or regulations. Grieg v. United States, 226 Ct. Cl. 258, 269, 640 F.2d 1261, 1268 (1981), cert. denied, 455 U.S. 907 (1982).
The plaintiffs first complaint is that he did not receive performance counseling before the reports were prepared. The Army Regulations are confusing regarding counseling. One section says counseling "is a prerequisite . . . prior to recording shortcomings” on a report. A.R. 623-105 ¶ l-2(c) (1974). Another section says counseling is expected, but not required, before deficiencies are noted in a report. Id. ¶ 4-3(e)(1)(b). All three reports state that the plaintiff was counseled, although the statement on the second report was added late.
We reject the plaintiffs objection. The reports state the plaintiff received counseling. Various conversations with his superiors put the plaintiff on notice of the dissatisfaction within the command his actions caused. We cannot set *885 aside the reports for the allegedly inadequate counseling the plaintiff received.
The government has conceded that a violation of A.R. 635-100 ¶ 3-59 (1973) may have occurred when the Commanding General sent his request for review to the Chief of Chaplains’ Office in that he might not have sent a copy to the plaintiff for his rebuttal. The government argues that this is harmless error. We agree. The plaintiff has not shown any prejudice from the possible violation and none is apparent. The general’s request was based on the second report, which also contained a request for review. The plaintiff received a copy of that report and prepared a rebuttal to it. Receiving the general’s letter would have made little, if any, difference.
The plaintiffs other procedural objections based on proceedings of boards of officers and written reprimands are ill-taken because he did not go before a board of officers or receive a written reprimand.
The Corrections Board rejected on the merits the plaintiffs objections to the reports. Without a gross material error of fact, we will not reexamine the subjective judgments in the reports. Grieg, 226 Ct. Cl. at 270, 640 F.2d at 1268-69. The plaintiffs objections are of the same sort we refused to consider in Grieg.
The Corrections Board also rejected the plaintiffs allegations of discrimination and persecution. He has presented no new evidence, just new charges. We refuse to overturn the decision on these grounds.
The plaintiff has not shown any basis for overturning the decisions of the Corrections Board or the Duty Board.
The defendant’s motion for summary judgment is granted and the petition is dismissed.